Harden D. HART and Mary Jo Hart

v.

Julius SIMONS, Dolph Simons and Hortense Simons, individually and trading as Simco Company,

v.

The UNITED STATES of America.

Civ. A. No. 27953.

United States District Court
E. D. Pennsylvania.

Oct. 28, 1963.

See also D.C., 29 F.R.D. 146.

James E. Beasley and Sheldon L. Albert, Beasley & Ornsteen, Philadelphia, Pa., for plaintiffs.

John B. Hannum, 3rd, Victor L. Drexel, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Walter E. Rankin, San Jose, Cal., for Julius, Dolph and Hortense Simons.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., William E. Gwatkin, Admiralty & Shipping Section, Department of Justice, Washington, D. C., for third-party defendant United States.

GRIM, District Judge.

Plaintiff, Mary Jo Hart, was injured by an electrical shock sustained in the course of her employment with the National Aeronautics and Space Administration. The injuries allegedly were caused by a machine manufactured by the defendant, Simco Company. In this diversity suit, plaintiffs claims negligence and breach of warranty on the part of Simco. Simco has joined the United States as a third-party defendant averring that " * * * if plaintiff, Mary Jo Hart, was injured as alleged in complaint, the said injuries were due to the carelessness of third party defendant [the United States] * * * and was not due to any breach of warranty * * * or negligence on the part of third party plaintiffs * * *."

Plaintiffs have moved to dismiss the United States as a third-party defendant contending that the principle of sovereign immunity and the exclusive liability provisions of the Federal Employees' Compensation Act bar any recovery against the United States.

In United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951), a taxi cab collided with a United States mail truck. The passengers in the cab sued the cab company alleging negligence on the part of the cab driver. The cab company attempted to join the United States as a third-party defendant on the theory that the mail truck driver also was negligent. The Supreme Court permitted this joinder, deciding that the pro-

visions of the Federal Tort Claims Act applied to the situation and that it was proper to join the United States as a third-party defendant in a tort case. Under the authority of the Yellow Cab case, it might seem that Simco Company should be permitted to join the United States as a third-party defendant here as did the third-party plaintiff in the Yellow Cab case. However, an important fact is present in this case which was not present in the Yellow Cab case, namely, the injured person was a federal employee.

As a federal employee plaintiff, Mary Jo Hart, was entitled to file a claim against the United States under the Federal Employees' Compensation Act, 5 U.S.C.A. Ch. 15. But this statute also strictly limits the liability of the United States as follows:

"[7] (b) The liability of the United States or any of its instrumentalities under this Act or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to remover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute * * *." 63 Stat. 861 (1949), 5 U.S.C.A. § 757(b).

The question before the court is whether this exclusive liability section prevents the defendant manufacturer from joining the United States as a third-party defendant in this action.

The problem involved in the present case has been decided in favor of the United States in Drake v. Treadwell Construction Co., 299 F.2d 789 (3rd Cir. 1962). This decision, of course, would control the present case except that

Treadwell was considered by the United States Supreme Court which entered an order, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963), as follows:

"The petition for writ of certiorari is granted. The judgment of the United States Court of Appeals for the Third Circuit is vacated and the case is remanded to the United States District Court of the Western District of Pennsylvania for further consideration in light of Weyerhaeuser Steamship Co. v. United States, 372 U.S. 597 [83 S.Ct. 926, 10 L.Ed.2d 1]."

In the Weyerhaeuser case, a United States ship and a privately owned ship collided. A federal employee on the United States ship was injured in the accident, and received compensation under the Federal Employees' Compensation Act. He sued and collected damages from the owner of the privately owned ship. Each ship then sued the other averring that the negligence of the other caused the accident. Each was found to have been guilty of negligence and under the applicable admiralty rule was required to pay half the damages incurred by the owner of the other ship. The privately owned ship contended that its damages, half to be paid by the United States, included the sum it had paid to the federal employee on the United States ship. As in the present case and in the Treadwell case, it was contended that the exclusive liability section of the Federal Employees' Compensation Act limited the liability of the United States to the compensation which it had paid under the Act. The Supreme Court denied this contention in the Weyerhaeuser case, saying significantly:

"The purpose of § 7(b), added in 1949, was to establish that, as between the Government on the one hand and its employees and their representatives or dependents on the other the statutory remedy was to be exclusive. There is no evidence whatever that Congress was concerned with the rights of unrelated third parties, much less of any pur-

pose to disturb settled doctrines of admiralty law affecting the mutual rights and liabilities of private shipowners in collision cases." Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 601, 83 S.Ct. 926, 929, 10 L.Ed.2d 1 (1963).

Using the same language and following the reasoning of the Supreme Court in the Weyerhaeuser case, it must be concluded also that there is no evidence that Congress in enacting the exclusive liability section of the Federal Employees' Compensation Act was concerned with the rights of unrelated third parties, much less of any purpose to disturb settled doctrines of the law of contribution or indemnity affecting the mutual rights and liabilities of parties in tort cases.[1] The motion to dismiss must be denied.

This case is somewhat unusual in that it is the plaintiff who is moving to dismiss the third-party action rather than the third-party defendant (The United States). The United States has not joined in the motion to dismiss and it has taken no position relative thereto. The original defendant, Simco Company, contends that a plaintiff has no right to move to dismiss a third-party action brought by an original defendant, that only the third-party defendant may make such a motion. Since the motion to dismiss the third-party action will be denied, the question whether a plaintiff has a right to move to dismiss such an action is moot and need not be decided. It should be noted, however, that Fed.R.Civ. P. 14(a) provides that "Any party may move to strike the third-party claim, or for its severance or separate trial."

In summary, the third-party action in the present case may properly be brought under the Federal Tort Claims Act.

United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, (1951). The United States is not shielded from liability by the exclusive liability provisions of the Federal Employees' Compensation Act. Treadwell Construction Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963); Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963).

[1.] A similar conclusion that § 7(b) was not available as a defense to a third-party action against the United States was reached by Judge Gourley of the Western District of Pennsylvania in the Treadwell case on remand from the Supreme Court after the Third Circuit decision had been vacated. Drake v. Treadwell Construction Co. v. United States of America, orders of May 24, 1963 and July 9, 1963

(C.A. No. 14517 W.D.Pa.1963). The United States appealed this judgment against it, but later moved for dismissal of the appeal " * * * for the reason that the Solicitor General of the United States has recommended against appeal. * * * " By order of court dated September 23, 1963, the appeal was dismissed (C.A. 14517, W.D.Pa. Gourley, J.)