The **TRAVELERS INSURANCE COMPANY**
and
**Branden-Aermotors Corporation, Successor of Aermotors, Inc.**
v.
The **UNITED STATES** of America.
Civ. A. No. 69–859.

United States District Court,
E. D. Pennsylvania.

Aug. 26, 1971.

---

Richard J. van Roden, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Richard R. Galli, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOHN W. LORD, Jr., Chief Judge.

On September 16, 1962, Jake Arnold, an employee of The Coast and Geodetic Survey fell from a Bilby Steel Tower while in the course of his employment. As a result of the fall, Arnold was permanently disabled and subsequently died as a result of these injuries. Thereafter, Patricia Arnold, wife of the decedent and executrix of his estate, brought both a wrongful death and a survival action against Branden-Aermotors Corporation, the manufacturer of the tower, and recovered a jury verdict of $125,000. Plaintiff, The Travelers Insurance Company, has paid the amount of this verdict plus interest, costs and expenses pursuant to a contract of insurance with Branden-Aermotors Corporation.

In the present action, brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., plaintiff seeks indemnity, or alternatively contribution, from the United States. The basis for recovery against the United States is that it was responsible for the design, assembly, possession and control of the tower from which Arnold fell.

Both plaintiff and defendant have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There is no genuine issue as to any material fact. The narrow, but determinative, issue in this case is whether section 6(c) of the Federal Employees' Compensation Act (FECA), 5 U.S.C.A. § 8116(c), precludes an action by a third party against the United States for indemnity or contribution where the third party has paid a judgment as a result of a suit in tort by an employee of the United States who was injured in the scope of his employment. Section (c) provides:

"(c) The liability of the United States * * * with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States * * * to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States * * * because of the injury or death. * * *"

The effect of the exclusive remedy provision of subsection (c) on third parties was analyzed by the Supreme Court in Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L. Ed.2d 1 (1963). The *Weyerhaeuser* case

arose out of a collision between a dredge owned by the United States and a ship owned by the Weyerhaeuser Steamship Co. A civil servant, who was injured while aboard the dredge during the collision, sued the shipowner and recovered a $16,000 settlement. When it was subsequently determined that both vessels had been at fault, the shipowner claimed that the amount of the settlement should be included in the amount of damages which were to be divided under the traditional admiralty rule of divided damages. The United States relied on that part of subsection (c), then 5 U.S.C.A. § 757(b), which states that recovery under the FECA "to the employee, his legal representative, spouse, * * * *and anyone otherwise entitled to recover damages from the United States"* shall be exclusive. The Government went on to argue that the shipowner fell within the all inclusive language italicized above and therefore was precluded from recovering any of the settlement monies. After initially determining that the language in question was ambiguous, the Court turned to the legislative history in an effort to discern Congress' purpose in passing this section. The Court concluded that

> "[t]he purpose of § 7(b), added in 1949, was to establish that, as between the Government on the one hand and its employees and their representatives or dependents on the other, the statutory remedy was to be exclusive. There is no evidence whatever that Congress was concerned with the rights of unrelated third parties, much less of any purpose to disturb settled doctrines of admiralty law affecting the mutual rights and liabilities of private shipowners in collision cases." Weyerhaeuser S. S. Co. v. United States, *supra* at 601, 83 S.Ct. at 629.

The Court then concluded that the shipowner, as an unrelated third party, was not precluded from recovering from the United States.

Prior to the Supreme Court's ruling in *Weyerhaeuser*, this Circuit had occasion to pass on the issue in question. In Drake v. Treadwell Construction Co., 299 F.2d 789 (3rd Cir. 1962), a federal employee who was injured when a steel expansion tank exploded, sued the manufacturer of the tank. The manufacturer, through a third party claim, sought either indemnification or contribution from the United States. The district court found the manufacturer and the United States to be joint tortfeasors and therefore ruled in favor of the third party plaintiff against the Government. The Court of Appeals reversed that part of the district court's judgment which called for contribution on the ground that § 7(b) precluded such an action by a third party against the Government. The Supreme Court, in a per curiam opinion, Treadwell Construction Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963), vacated the judgment of the Third Circuit and remanded the case to the district court for further proceedings in light of their opinion in *Weyerhaeuser*, which had been decided earlier in that same term. Judge Gourley, in Orders dated May 24, 1963 and July 9, 1963, specifically ruled that § 7(b) did not preclude the joinder of the United States. The Government appealed this judgment but subsequently moved to dismiss the appeal "for the reason that the Solicitor General of the United States has recommended against appeal." Quoted in Hart v. Simons, 223 F.Supp. 109, 111 fn. 1 (E.D.Pa.1963).

The late Judge Grim of this Court ruled on the exact issue in question in Hart v. Simons, *supra*. In that case the plaintiff, an employee of the National Aeronautics and Space Administration who had been injured while operating a machine in the scope of her employment, brought suit against the manufacturer of the machine. The manufacturer brought a third party claim against the United States. In denying the Government's motion to dismiss Judge Grim stated:

> "Using the same language and following the reasoning of the Supreme Court in the Weyerhaeuser case, it

must be concluded also that there is no evidence that Congress in enacting the exclusive liability section of the Federal Employees' Compensation Act was concerned with the rights of unrelated third parties, much less of any purpose to disturb settled doctrines of the law of contribution or indemnity affecting the mutual rights and liabilities of parties in tort cases. * * * " Hart v. Simons, *supra* at 111.

We find that the plaintiff in the instant case, as an unrelated third party, is not precluded from recovering from the United States by the language of section 8(c).

In Wallenius Bremen G. m. b. H. v. United States, 409 F.2d 994 (4th Cir. 1969), cert. denied 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970), a case virtually identical to the case at bar, the Fourth Circuit adopted the position that section 8(c) does not preclude a suit for indemnity or contribution by an unrelated third party. In the *Wallenius* case an inspector for the Department of Agriculture, who was injured while inspecting a ship, brought suit against the shipowner. After settling the case for $110,000, the shipowner instituted suit under the Federal Tort Claims Act, and sought to be indemnified for the amount of damages paid in settlement. The lower court found that § 8(c) precluded the suit for indemnity and granted the Government's motion for summary judgment. In reversing the district court, the court of appeals, as did the Supreme Court in *Weyerhaeuser*, found the inclusive language "anyone otherwise entitled" related back to the previous nouns, all of which are closely connected to the Government employee and therefore did not preclude unrelated third party claims. The court found that the rationale for excluding the named individuals is that they benefit from the exclusive statutory remedy and concluded that since unrelated third parties do not so benefit, Congress did not intend to bar suits by them. We find ourselves in accord with this reasoning.

In its brief and at oral argument the Government asserted, as it did in the *Wallenius* case, that indemnity or contribution must be supported by liability on the part of the indemnitor to the person injured. Since section 8(c) operates to exclude any underlying tort liability of the Government to its employees, the Government argues that there is no basis for contribution or indemnity. We are in accord with the Court in *Wallenius* and find that the Government *owed* a duty to its employee and the additional fact that there is no *liability* should not preclude an action like the one before the Court. As the court stated, "[i]f the purpose of indemnity is to relieve the relatively innocent wrongdoer and shift the burden to one whose conduct is more blameworthy, the fact that the latter has a personal defense if sued by the injured person would seem to be irrelevant. See 1 Harper & James, Torts § 10.2 at 718." Wallenius Bremen G. m. b. H. v. United States, *supra* at 998. In the instant case it is not disputed that the manufacturer of the Bilby Steel Tower, the insured, constructed the tower according to the design and instructions of the United States. It appears to this Court that this case presents a classic example for indemnification. As the designer of the tower, as the party who was at all times in possession and control of the tower after its construction, the primary fault for the injury and resultant death of Jake Arnold was the Government's. The manufacturer's fault, as one who merely constructed it according to the design given it by the United States, is only secondary. "We think the words in context 'anyone otherwise entitled to recover' were not intended to and do not exclude a suit by a secondary wrongdoer against the United States on the theory that its fault was primary and its duty ran both to the indemnitee and the injured person. So to hold would distort the sense and purpose of the statute and stretch words beyond their natural meaning." Wallenius Bremen G. m. b. H. v. United States, *supra* at 998.

While the courts which have addressed themselves to this issue have not been unanimous in their decisions,[1] based on our reading of the Supreme Court's decision in *Weyerhaeuser*, the decision of this Court in Hart v. Simons, *supra*, and the well reasoned opinion of the Fourth Circuit in the *Wallenius* case, we find that section 8(c) does not bar an action by an unrelated third party for contribution or indemnity. Therefore we enter the following order.

---

1. See Newport Air Park, Inc. v. United States, 419 F.2d 342 (1st Cir. 1968) ; United Air Lines v. Wiener, 335 F.2d 379 (9th Cir.), cert. dismissed *sub nom.* United Air Lines v. United States, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964).