**Joseph L. RICE, III, Plaintiff,**

v.

**McDONNELL & CO., INC., T. Murray McDonnell, Morgan McDonnell, Frances T. McKay, as Executrix of the Estate of Thomas A. McKay, John F. Bohmfalk, Jr., Frank V. Deegan, Ronald H. Hoenig, Edward F. Becker, John J. Dellassandro, II, Hubert McDonnell, Jr., William J. Corbett, Raymond J. Doyle, Jr., and Bruce M. Stargatt, as Receiver of McDonnell & Co., Inc., Defendants.**

**No. 74 Civ. 3541 (HFW).**

United States District Court, S. D. New York.

Sept. 26, 1977.

Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City by Gregory Jones, New York City, of counsel, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City by Michael A. Cardozo, Steven J. Stein, New York City, of counsel, for defendant McDonnell & Co., Inc.

Lunney & Crocco, New York City by Charles A. Crocco, Jr., J. Robert Lunney, New York City, of counsel, for T. Murray McDonnell.

## OPINION

WERKER, District Judge.

This is a motion by defendant McDonnell and Co., Inc. (hereinafter "the Company") to dismiss the cross-claim of T. Murray McDonnell (hereinafter "McDonnell") or in the alternative for judgment on the pleadings upon the ground that the cross-claim fails to state a claim upon which relief may be granted. The Company, which was formerly a broker-dealer, has since entered into receivership. The complaint alleges various violations of the securities laws on the part of the defendants through which plaintiff was induced to purchase securities of the Company at a price allegedly greatly in excess of its value. Specifically, the defendants are charged with a violation of section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act") and rule 10b–5 thereunder, section 15(c)(1) and section 20 of the 1934 Act [15 U.S.C. §§ 78j(b), 78o (c) and 78t], and section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]. The complaint also alleges a pendent state law claim for fraud.

The cross-claim in question states as follows:

"14. Under the provisions of the Certificate of Amendment of Certificate of Incorporation of McDonnell & Co., dated October 24, 1966 and such other documents as may be relevant, defendant McDonnell & Co. agreed to indemnify

defendant McDonnell against all judgments, fines, amounts paid in settlement and legal or other expenses incurred by or imposed upon him, in connection with or resulting from any claim, action, suit or proceeding whether civil or criminal, in which he is made a party, by reason of being or having been a director or officer of the Corporation.

15. If McDonnell be held liable in any amount to plaintiff herein then defendant McDonnell & Co. is liable to McDonnell under the provisions of the indemnification described above."

Answer of McDonnell. In addition, in his cross-claim McDonnell further demanded that if the plaintiff recovers judgment against him that he have judgment against the Company with costs and disbursements as well as attorneys' fees.

In support of its motion the Company argues that in order for McDonnell to be entitled to indemnification he would have to be found liable to plaintiff and that once his liability is established he would be precluded from seeking indemnity from his co-defendant the Company by reason of his wrongful behavior.[1]

█ It is unnecessary for this court to determine whether or not McDonnell is entitled to indemnity on the basis of the agreement of the Company to provide such indemnity under certain circumstances,[2] since although McDonnell has not asserted a claim for contribution, the Court is not precluded from granting him that relief if it appears after the trial of the action that it is warranted,[3] and it cannot be said as a matter of law that McDonnell may not be able to make a valid claim for contribution.

█ Contribution is a remedy which is available to defendants guilty of violations of the federal securities laws. *Globus, Inc. v. Law Research Service, Inc.*, 318 F.Supp. 955 (S.D.N.Y.1970), *aff'd on opinion below,* 442 F.2d 1346 (2d Cir.), *cert. denied sub nom. Law Research Service, Inc. v. Blair & Co.*, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 (1971). *See also Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 540 F.2d 27, 38–39 (2d Cir. 1976); *Muth v. Dechert, Price & Rhoads*, 391 F.Supp. 935 (E.D.Pa. 1975); *Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co.*, 385 F.Supp. 230, 238 (S.D.N.Y.1974); *Tucker v. Arthur Andersen & Co.*, CCH Fed.Sec.L.Rep. ¶ 94,544; *State Mutual Life Assurance Co. v. Arthur Andersen & Co.*, CCH Fed.Sec.L.Rep. ¶ 95,-543; *deHaas v. Empire Petroleum Co.*, 286 F.Supp. 809 (D.Colo.1968) *modified,* 435 F.2d 1223 (10th Cir. 1970); Ruder, *Multiple Defendants in Securities Law Fraud Cases: Aiding and Abetting, Conspiracy, In Pari Delicto, Indemnification and Contribution,* 120 U.Pa.L.Rev. 597 (1972).

█ It is apparent that a corporation can only act through its agents. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 154, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *SEC v. North American Research and Development Corp.*, 424 F.2d 63, 79 (2d Cir. 1970); *Heilbrunn v. Hanover Equities Corp.*, 259 F.Supp. 936 (S.D.N.Y.1966); *Soraghan v. Henlopen Acres, Inc.*, 236 F.Supp. 489, 490 (D.Del.1964); G. Hornstein, *Corporation Law and Practice* § 564 (1959). The fact, however, that the corporation might be found liable[4] at least in part because of the actions of McDonnell, its agent, should not preclude him from seeking contribution from the Company since to permit contribution would promote the policy of deterrence

---

1. The Company's motion to dismiss was based solely on the cross-claim asserted as to the federal securities laws claims. Thus, any decision is limited to the cross-claim relating to such claims and does not determine whether the same circumstances apply insofar as the pendent state law claims are concerned.

2. *See generally,* W. Knepper, *Liability of Corporate Officers and Directors* § 16 *et seq.* (2d ed. 1973).

3. Fed.R.Civ.P. 54(c); *see Odette v. Shearson, Hammill & Co.*, 394 F.Supp. 946, 958, n. 16 (S.D.N.Y.1975).

4. It is unnecessary for the court to determine at this point on what basis the corporation could be found liable. *See, e. g., Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 880 (3d Cir. 1975); *Gordon v. Burr*, 366 F.Supp. 156 (S.D.N.Y. 1973).

behind the securities laws by discouraging corporations from assisting in the violation of the securities laws. Moreover the fact that in actuality McDonnell would be suing the Company on account of the wrongful acts of his co-agents is no reason to preclude him from recovering against the Company. The Company had available to it the option of impleading any of McDonnell's co-agents and could make that the subject of another action.

■ The company rightfully argues that the cross-claim against it is based solely on the indemnity agreement between it and McDonnell, and that the facts asserted in the cross-claim do not support a claim of contribution. Nor does the cross-claim conform to the rule requiring that fraud, a finding of which would be the basis for the cross-claim, be pleaded with particularity. Rule 9(b), Fed.R.Civ.P.[5] Nonetheless, as no undue prejudice will accrue to the Company if an amendment of the cross-claim were to be permitted in order to allow McDonnell to assert a claim of contribution, and in light of the liberal policy in regard to the amendment of pleadings which Rule 15(a) mandates, such an amendment should be allowed. *Foman v. Davis,* 371 U.S. 178 (1962); C. Wright & A. Miller, *Federal Practice and Procedure* § 1474 (1971).

It is hereby ordered that unless the defendant T. Murray McDonnell files an amended cross-claim within thirty days after the entry of this order, that cross-claim shall be dismissed.

SO ORDERED.

---

5. *See Muth v. Dechert, Price & Rhoads* in this regard.