James P. McGRATH, Plaintiff,

v.

Robert H. KRIEGER and Starthrower, Inc., Defendants.

No. 78 Civ. 4808 (CBM).

United States District Court, S. D. New York.

Sept. 4, 1980.

Webster & Sheffield by Edward T. Krumeich, New York City, for plaintiff.

Charles J. Carreras, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, James McGrath, has moved for an order from this court pursuant to Rule 56(e) of the Federal Rules of Civil Procedure to alter and amend the judgment entered on June 12, 1980, dismissing plaintiff's complaint and awarding to

defendants the costs of the action.[1] In particular, plaintiff requests this court to amend the June 12, 1980, judgment to award plaintiff $8,198.37, an amount representing plaintiff's loan to defendants of $5,600 plus 10% interest per annum accrued for four years. Plaintiff's motion to alter and amend the judgment is granted.

In an opinion filed on May 20, 1980, this court rejected plaintiff's contention that the $5,600 advanced by plaintiff to defendants, in 1976, was a capital contribution and, instead, found that this amount was a loan repayable, according to an informal, but binding, agreement among the parties, at defendants' convenience at a rate of interest of 10% per year. This court explicitly stated that "[n]o agreement other than a friendly loan transaction among friends later plagued by misunderstanding is established by the record." Opinion at 25.

■ While plaintiff did not specifically demand, in its complaint, repayment of a loan and did not advance this theory of recovery at trial, this omission cannot be viewed by this court as fatal to the demand for repayment of this loan. Rule 54(c) of the Federal Rules of Civil Procedure, providing that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings...," clearly entitles a court to grant a party relief based on the pleaded and proven facts regardless of whether such relief has been demanded in the pleadings or whether such relief is consistent with the party's theory of the case. *First National Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n.3 (2d Cir. 1976); *Rice v. McDonnell Co.*, 442 F.Supp. 952, 954 n.3 (S.D.N.Y. 1977); *Odette v. Shearson, Hammill & Co.*, 394 F.Supp. 946, 958 n.16 (S.D.N.Y. 1975).

Based on the pleaded and proven facts of the instant case, plaintiff is entitled to recover the sum of $5,600 plus the amount of interest at a rate of 10% accrued over a period of four years. As stated above, this court found that plaintiff had indeed advanced defendants $5,600 and this was undisputed by defendants; in fact, defendants' primary defense throughout the proceedings was that the monetary sum was a loan and not, as plaintiff claimed, a capital contribution.[2]

■ While failure to plead the limited relief to which a court later finds that a party is entitled may prevent the award of the relief if the defendant is prejudiced by, for example, lack of notice, *see Caulfield v. Board of Education of the City of New York*, 583 F.2d 605, 612 n.15 (2d Cir. 1978), such is not the situation in the case at hand for the following reasons. First, defendants' principal defense in this action was that the funds transferred in 1976 were loans to be repaid at 10% interest per year. The "admission" that the funds were loans graced many of defendants' pleadings. Paragraph 3 of Defendants' Answer states:

.THIRD: Denies each and every allegation as set forth in paragraph '8' except admits JAMES P. McGRATH and ROBERT H. KRIEGER, would loan $5,000 to ROBERT H. KRIEGER, which loan would be repaid with 10% interest on such loan. (Defs. Exh. B).

Furthermore, defendants' verified answer to plaintiff's interrogatories states, in paragraph 7:

| James McGrath, | $5,000.00–4/8/76; |
| $500.00–8/3/76; | $250.00–8/16/76; |
| $100.00–11/30/76; | $250.00–12/6/76; |

unsecured at 10% interest to be repaid at convenience.

1. Plaintiff is rather unclear as to which federal rule of civil procedure properly accommodates his motion. Plaintif states that the motion to amend is brought under Rule 56(e), a rule which, oddly enough, pertains to a motion for summary judgment. As a matter of common sense and probity, this court will construe plaintiff's motion as one made pursuant to Rule 54(c) and 59(e).

2. Based on the record as a whole, this court finds that to the extent that plaintiff is entitled to any relief, regardless of whether or not such relief was demanded, plaintiff is the prevailing party within the meaning of Rule 54(c).

These repeated averments by defendants conclusively demonstrate that defendants will not be prejudiced by this court's decision to award plaintiff $8,198.37.

■■ Defendants quibble slightly by insisting that the terms of the loan provide that it be repaid at defendants' convenience and that it is not, at this time, convenient for their repayment of this loan plus interest. However, under New York law, controlling on this issue, all loan agreements which fail to specify a time for repayment (including loans payable at the payor's convenience) are deemed payable within a reasonable time without the necessity for demand by the creditor and without regard to the debtor's ability to pay. *Schachne v. Corporation of Chamber of Commerce,* 102 Misc. 197, 168 N.Y.S. 791, 792 (City Ct. 1918); *cf. Haines v. City of New York,* 41 N.Y.2d 769, 772, 396 N.Y.S.2d 155, 364 N.E.2d 820 (1977) (when no time period is specified for termination of a contractual obligation, a court will imply a 'reasonable time' for termination).

The court finds that a 'reasonable time' has elapsed since 1976. The court further finds that the time is ripe for defendants' repayment of $8,198.37. This determination is well in keeping with this court's equitable power to decree complete relief among the parties to this suit as well as to eliminate the necessity for a plenary action in state court to recover these monies admittedly owed by defendants to plaintiff. *Alexander v. Hillman,* 296 U.S. 222, 242, 56 S.Ct. 204, 211, 80 L.Ed. 192 (1935); *see Levitt Corp. v. Levitt,* 593 F.2d 463, 469 (2d Cir. 1979).

This court hereby holds that plaintiff is entitled to an award of $8,198.37 consistent with this court's finding. In accordance with this holding, plaintiff's motion to amend and alter the judgment entered on June 12, 1980, is granted.