**Cy SEYMOUR, Plaintiff,**

v.

**BACHE & COMPANY, INC. and Alex Canaan, Defendants.**

No. 75 Civ. 3722 (CHT).

United States District Court,
S. D. New York.

Sept. 23, 1980.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, P. C., New York City, for plaintiff; Leon B. Lipkin, New York City, of counsel.

Paul R. Scott, New York City, for defendant Alex Canaan.

Benedict Ginsberg, New York City, for defendant Bache & Co., Inc.; Charles Ramos, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Plaintiff Cy Seymour moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b) and (c) to dismiss defendant Alex Canaan's indemnification cross–claim against defendant Bache & Company, Inc. ("Bache") for failure to state a claim, or alternatively, for judgment on the pleadings. Canaan seeks to amend his cross–claim to assert a claim for contribution against Bache. The plaintiff's motion is denied. Canaan may amend his claim to assert a cause of action for contribution.

*Background*

Canaan served as plaintiff's securities sales manager from about 1969 to 1974, when he was employed by Bache. Seymour's amended complaint in this action asserted five basic claims against Canaan and Bache jointly. These claims included the following: violations of section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. 240.10b–5; breach of fiduciary duty; violations of Rule 405 of the New York Stock Exchange, which imposes certain due diligence requirements on Exchange members; violations of Article III, section 2 of the Rules of Fair Practice of the National Association of Securities Dealers ("NASD"), which requires registered representatives to ensure that their recommendations are "suitable" to their customers; and violations of Article III, section 27 of NASD's Rules, which imposes a duty on members to supervise their employees. In November 1979, Seymour and Bache settled their differences and a Stipulation of Discontinuance was entered as to Bache. Canaan, however, remains in the action and his cross–claim for indemnification against Bache is now, in effect, a third–party claim. Canaan contends that Bache trained and supervised him, that he acted within the scope of his employment, and that the company always approved his actions and promoted him accordingly.

*Arguments*

Seymour argues that Canaan's claim must be dismissed because indemnification is not allowed in favor of a defendant who knowingly violated the securities laws. According to the plaintiff, each of his claims against Canaan requires proof of scienter and, if this burden is met, Canaan will be

ineligible for indemnification. Seymour concedes that Canaan may seek contribution from Bache if he is found liable on the securities laws claims. In contrast to indemnification, which totally shifts liability from one joint tortfeasor to another, a party seeking contribution is entitled to recover only his co–defendant's proportionate share of liability. Seymour therefore argues that "[s]ince Defendant Bache's liability is derivative or passive, it would seem fairly apparent that Defendant Canaan would bear a major proportion of the liability which is vastly different [than] if Defendant Canaan was permitted to shift the entire loss to Defendant Bache by way of indemnification." Plaintiff's Memorandum at 10. According to the plaintiff, this vast difference is important to him for

> [p]laintiff should know well in advance of trial the basic complexion of this case and how he must present it at time of trial and the witnesses he may rely on. Allowing the determination of this motion to wait until trial will only work a hardship on all of the parties and will undoubtedly result in lengthening delay at time of trial.

Plaintiff's Reply Memorandum at 7.

In response, Canaan first contends that the plaintiff does not have standing to seek dismissal of Canaan's claim against Bache. Bache could assert this defense against Canaan's claim but has not done so. Furthermore, Canaan argues, Rule 12 does not authorize the plaintiff to assert a defense to or to seek dismissal of a cross–claim that does not affect the plaintiff. Finally, with respect to Seymour's interest in the claim, Canaan argues that the indemnification action will have no effect on the plaintiff's trial preparation.

Canaan's second contention is that the indemnification claim is viable because he acted as Bache's agent in executing the challenged transactions. Third, he contends that if indemnification is prohibited, as a matter of law, under the facts of this case, he should be permitted to amend his claim to seek contribution.

Bache has submitted an affidavit to the Court stating that it "seeks no relief at this time." Affidavit of Charles E. Ramos, sworn to May 6, 1980. Bache "make[s] no comment" on the memoranda submitted by the other parties, but requests "that the motion not be considered at this time." *Id.* In Bache's opinion, "the obvious benefits to itself, if the motion is granted, are overshadowed by the risks should the motion be denied against Bache on the merits." *Id.*

*Discussion*

■ A plaintiff may move to dismiss a third–party complaint even though the third–party defendant does not seek dismissal of the claim. 2A Moore's Federal Practice ¶ 12.06(1), at 2245 (2d ed. 1979); *see, e. g., Hart v. Simons*, 223 F.Supp. 109 (E.D.Pa.1963). In the case at bar, Canaan's cross–claim against Bache is, in effect, a third–party claim now that the plaintiff's case against Bache has been discontinued. The Court thus concludes that the same principle should apply and that Seymour has "standing" to make a motion to dismiss Canaan's claim against Bache.

■ The Court also agrees with Seymour's assertion that indemnification is unavailable to a defendant who violated the securities laws with knowledge of the fraud or misconduct or with reckless disregard of the truth. *See Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1288–89 (2d Cir. 1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Odette v. Shearson, Hammill & Co., Inc.*, 394 F.Supp. 946, 954 (S.D.N.Y.1975); *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 378 F.Supp. 112, 135 (S.D.N.Y.1974), *aff'd in part, rev'd in part on other grounds*, 540 F.2d 27 (2d Cir. 1976). If Canaan were found to have violated section 10(b) and Rule 10b–5, the weight of authority in this Circuit indicates that he could not seek indemnity from Bache. The liability resulting from the other causes of action is not, however, quite so clear.

■ Seymour asserts that the breach of fiduciary duty claim rests on the same allegations of fraudulent conduct giving rise to the section 10(b) claim; therefore, indemni-

fication would also have to be prohibited with respect to that charge. Furthermore, he argues, since he is seeking punitive damages, he must prove that Canaan acted in a "wilful or wanton" manner and such proof would likewise preclude indemnification. The Court need not, at this point, consider whether Seymour can assert a claim for breach of fiduciary duty against Canaan. Assuming the existence of a valid claim, a jury could find that Canaan abused Seymour's confidence and trust, *see Mobil Oil Corp. v. Rubenfeld*, 72 Misc.2d 392, 339 N.Y. S.2d 623 (Civ.Ct.N.Y.1972), without finding that he engaged in "reckless, wilful or criminal misconduct," *Globus v. Law Research Serv., Inc., supra*, 418 F.2d at 1288, or "violated the fraud provisions of the securities laws with actual knowledge of the falsity of [his] statements or reckless disregard for the truth." *Odette v. Shearson, Hammill & Co., Inc., supra*, 394 F.Supp. at 954. Although the question may be close, the Court cannot conclusively find at this stage of the litigation that under no circumstances could Canaan seek indemnification if Seymour prevailed on his breach of fiduciary duty claim.

■ A similar problem is posed by the plaintiff's other claims. The Court expresses no view as to whether Seymour can assert a private cause of action under Rule 405 of the New York Stock Exchange or NASD's Rules. *See Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 43 & n.6 (2d Cir. 1978), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1979) (noting that "there is no case decided by this court upholding, but there are several cases discussing, . . . an implied private cause of action from . . . Rule 405 and the NASD constitution"); *Van Alen v. Dominick & Dominick, Inc.*, 560 F.2d 547, 553 (2d Cir. 1977) ("open question" whether private action can be maintained under Rule 405); *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966) (no private right of action established by New York Stock Exchange or NASD's Rules); *Vetter v. Shearson Hayden Stone Inc.*, 481 F.Supp. 64, 66 (S.D.N.Y.1979) (questioning whether Rule

405 provides private right of action). Furthermore, as the plaintiff recognizes, both Rule 405 and Article III, section 27, impose due diligence requirements on *members* and are thus not directly applicable to Canaan. Article III, section 2 of NASD's Rules, however, requires registered representatives of securities brokers to have a reasonable ground for believing that their recommendations are suitable to their customers. Seymour contends that this provision prohibits churning, a salesman's inducement of excessive activity in a customer's account. Yet the two cases he cites to support this interpretation are inapposite. The Rule relied upon in *Fey v. Walston & Co.*, 493 F.2d 1036 (7th Cir. 1974), was Article III, section 15(a), that expressly proscribes transactions "which are excessive in size or frequency in view of the financial resources and character of such account." *Id.* at 1040 & n.3. This same provision–not section 2–was considered with respect to a churning claim in *Hecht v. Harris, Upham & Co.*, 283 F.Supp. 417 (N.D.Cal.1968). Additionally, the *Hecht* court questioned whether NASD's Rules gave rise to a private cause of action and resolved the case on other grounds. *Id.* at 431, 433. While churning may involve the type of knowing and reckless conduct that could preclude indemnification, a violation of the suitability rule could be established without proof of such wilful misconduct. As stated by the court in *Hecht*, if Article III, section 2, provides a private right of action, "a broker might honestly think that his 'ground' for believing his recommendation 'suitable' is 'reasonable', only to find himself overruled in a law suit and found guilty of fraud notwithstanding his good faith." *Id.* at 431. Although many of Seymour's complaints are addressed to his churning claim, he does make allegations that could fall within this latter characterization of Article III, section 2. If a violation were established, "notwithstanding his good faith," Canaan might still be entitled to indemnification. *But see Salwen Paper Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 F.R.D. 130, 137 (S.D.N.Y. 1978) (a right of action will be implied from

Stock Exchange and NASD's Rules "only when there are well–pleaded allegations of fraudulent conduct"); *Carroll v. Bear, Stearns & Co.*, 416 F.Supp. 998, 1003 (S.D.N.Y.1976) (private cause of action will not be implied where the suit is "nothing more than a 'garden–variety customer–broker suit' "). In light of the uncertainties presented by the incomplete record in this case, the Court is again reluctant to conclude that under no conceivable scenario could Canaan seek indemnity from Bache.

Seymour recognizes that Canaan has a right of contribution, as opposed to indemnification, against Bache for any damages awarded in this securities case. *See Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co.*, 385 F.Supp. 230 (S.D.N.Y. 1974); *Globus v. Law Research Serv., Inc.*, 318 F.Supp. 955 (S.D.N.Y.1970), *aff'd*, 442 F.2d 1346 (2d Cir.), *cert. denied sub nom. Law Research Serv. Inc. v. Blair & Co.*, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 (1971). The plaintiff also concedes that two cases relied upon by the defendant, *Rice v. McDonnell & Co.*, 442 F.Supp. 952 (S.D.N.Y. 1977), and *Odette v. Shearson, Hammill & Co., supra*, support the proposition that a court may allow an indemnification cross–claim or third–party claim to be amended to assert a claim for contribution or to be treated as a claim for contribution when indemnification is precluded because of the defendant's knowing and wilful misconduct. Yet the plaintiff contends that both these cases are distinguishable because "the motions to dismiss [the indemnification claims] were brought in advance of trial and . . . the trial court deemed it expedient and proper to deal with the motions at the pre–trial stage." Plaintiff's Reply Memorandum at 6. The existence and the significance of these distinctions are not apparent to this Court and the reasoning of those decisions should be followed.

Seymour contends that he is "entitled to know well in advance what the issues are"; that is, whether Canaan can pursue a claim for indemnification or contribution against Bache. *Id.* In the plaintiff's view,

this is the appropriate juncture for consideration of whether Defendant Canaan should be allowed to proceed with his claim for indemnification [because a] present disposition of this motion will save unnecessary work for trial preparation and will serve the interest of judicial economy by eliminating the necessity of this Court having to deal with the issue at the time of trial.

Affidavit of Leon B. Lipkin, sworn to February 20, 1980, ¶ 7. While the Court appreciates the plaintiff's concern for judicial economy, it rejects Seymour's argument. No judicial interests would be served by making a premature determination on an incomplete record that Canaan could not possibly be entitled to indemnification. If Seymour fails to prevail in his claims against Canaan, the question of indemnification or contribution will never arise. In light of the uncertainties surrounding these legal issues, a potentially unnecessary, and thus merely advisory, ruling should be avoided. Furthermore, while the trial preparation on behalf of Canaan and Bache would certainly be affected by a ruling on the question, the plaintiff's concern for his own pre–trial efforts with respect to this issue appear slightly exaggerated. Seymour has the burden of proving his claim against Canaan and is no longer directly concerned with Bache. Canaan's attempt to seek indemnification or contribution from Bache will affect the course of the trial. Seymour's trial preparation, however, should not be affected in any significant manner by this Court's determination as to whether Canaan can seek indemnification or just contribution or neither.

■ Finally, the Court concludes that permitting Canaan to amend his claim against Bache to assert a claim for contribution would result in no undue prejudice and is consistent with the liberal policy of the Federal Rules of Civil Procedure. *See Rice v. McDonnell & Co., supra*, 442 F.Supp. at 955; Fed.R.Civ.P. 15(a), (c). This conclusion is bolstered by Bache's assertion that it chooses not to comment on the other parties' motion papers and seeks no relief at the present time. Accordingly, Canaan can

amend his claim to assert a claim for contribution against Bache.

*Conclusion*

The plaintiff Seymour's motion to dismiss Canaan's cross–claim against Bache is denied. Canaan can amend his claim to seek contribution from Bache in the event judgment is rendered against him.

So ordered.