(86 Misc. Rep. 32)

### BROEN v. TRANSIT DEVELOPMENT CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—ACTIONS—QUESTIONS FOR JURY.

Whether a servant, who was injured by a ladder slipping and precipitating him to the ground, was guilty of contributory negligence, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—APPLIANCES—LADDERS.

Labor Law (Consol. Laws, c. 31) § 18, providing that a person, employing another in the erection, repair, or painting of a house or structure, shall not furnish scaffolding or ladders that are unsafe, unsuitable, or improper, imposes an absolute duty to furnish a safe and suitable ladder, and a ladder used to afford access to a car, which slipped away when a servant engaged in painting the interior of the car stepped on the top rung, and precipitated him to the ground, was not of the character required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Israel Broen against the Transit Development Company. From a judgment dismissing the complaint at the close of plaintiff's case, upon a trial by a judge and jury, plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Arthur Hutter, of New York City, for appellant.

George D. Yeomans, of Brooklyn (A. C. Mayo, of Brooklyn, of counsel), for respondent.

BIJUR, J. [1] Plaintiff sues at common law. The plaintiff was injured under the following circumstances: He was engaged in painting the interior of a car belonging to defendant, which was raised from the ground for facility of construction. There were one or two ladders placed near the doors of the car to afford access to the employés. The plaintiff, while working in the car, was directed to obtain a lamp. He stepped upon the top rung of one of these ladders, which thereupon slipped away and precipitated him to the ground, and he sues for the resulting injuries. It is not clear upon what theory the complaint was dismissed. The motion was made on the ground that plaintiff had failed to show negligence on the part of the defendant and his own freedom from contributory negligence. Plaintiff claimed on the trial, and on this appeal, that the ladder should either have been blocked at the bottom, or had some notch or other contrivance to hold it at the top to the body of the car.

[2] Section 18 of the Labor Law imposes an absolute duty upon the employer to furnish a safe and suitable ladder. See Warren v. Post & McCord, 128 App. Div. 572, 112 N. Y. Supp. 960, affirmed 198 N. Y. 624, 92 N. E. 1106; Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662; Caddy v. Interborough Co., 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30. In the case at bar the ladder used was not of this character.

In view of these considerations, and the further fact that on the evidence plaintiff, to say the least, cannot be chargeable with contributory negligence as matter of law, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.