ISIDORE KOENIG, Appellant, v. PATRICK CONSTRUCTION CORP., Respondent.— Action to recover damages for injuries suffered by plaintiff, a window cleaner, by reason of a ladder furnished by the defendant slipping and falling while plaintiff was on it, engaged in cleaning windows inside of a school auditorium. Judgment dismissing the complaint at the close of the plaintiff's proof on liability reversed on the law and a new trial granted, with costs to abide the event. Under the proof a jury question was presented as to whether or not the defendant discharged its nondelegable duty of furnishing the plaintiff with a ladder that complied with the requirements of section 240 of the Labor Law. (*Broen* v. *Transit Development Co.*, 86 Misc. 32; *Sweet* v. *General Electric Co.*, 165 App. Div. 935; *Lester* v. *Graham*, 157 App. Div. 651; *Huston* v. *Dobson*, 138 App. Div. 810; *Quigley* v. *Thatcher*, 144 App. Div. 710; *Wohlfron* v. *Brooklyn Edison Co., Inc.*, 238 App. Div. 463, 465, affd. 263 N. Y. 547.) Moreover a jury question was presented by the testimony that the plaintiff had been forbidden by the defendant's superintendent to nail boards at the foot of the ladder to prevent its slipping. Plaintiff having made out a prima facie case on liability, the dismissal of the complaint was error. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

JACOB A. LIBENSON, Appellant, v. ANDERSON MFG. CO., INC., et al., Defendants, and FREDERICK H. T. ANDERSON et al., Respondents.— Upon appeal by the plaintiff from an order granting the motion of respondents to dismiss the complaint as to them on the ground that it does not state facts sufficient to constitute a cause of action, order reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to respondents to answer within ten days from the entry of the order hereon. This action was properly brought in equity to obtain an accounting, and the plaintiff may follow the trust funds in the hands of the individuals who, it is claimed, misappropriated them. Equity will intervene and declare the wrongdoer a trustee. An action in conversion would not, necessarily, be an adequate remedy. (*Frier* v. *J. W. Sales Corp.*, 261 App. Div. 388.) Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.