Helen VETTER and Hans Vetter, Plaintiffs,

v.

SHEARSON HAYDEN STONE INC. and Gordon Joblon, Defendants.

No. 79 Civ. 3857.

United States District Court, S. D. New York.

Dec. 18, 1979.

Ira Jay Sands, New York City, for plaintiffs by George C. Cabell, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendant Shearson Hayden Stone Inc. by William T. Sullivan, Francis J. Menton, Jr., John M. McEnany, New York City, of counsel.

WHITMAN KNAPP, District Judge.

This is an action brought under section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), as amended, 15 U.S.C. § 78j(b); Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder ("Rule 10b–5");

Rule 408 of the New York Stock Exchange; and Section 15(b)(3) of the 1934 Act, 15 U.S.C. § 78*o* (b)(3). Jurisdiction is based on section 27 of the 1934 Act, 15 U.S.C. § 78aa. Defendant Shearson Hayden Stone Inc. ("Shearson") has moved pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint for failure to plead fraud with the requisite particularity.

Plaintiffs are Helen Vetter and her father, Hans Vetter. However, in the complaint "Vetter" is defined as referring only to Helen Vetter. Defendants are Shearson, a stock brokerage firm, and Gordon Joblon, a registered representative employed by Shearson. The facts underlying this action, as alleged by plaintiffs in their complaint, are as follows:

"7. On or about January 10, 1975, VETTER opened a cash account with JABLON [*sic*—the defendant's name is Joblon] at SHEARSON for the purpose of investing in stocks, bonds and other securities. The cash account was opened in the name of Helen Vetter and Hans Vetter, joint tenants, and was assigned account no. 20–65668.

8. At the time the cash account was opened VETTER informed JABLON that she was an inexperienced investor with limited financial resources and means and that her investment objective was the receipt of income.

9. JABLON recommended at that time that VETTER purchase debentures of American Financial Corporation of Ohio ("American Financial") which debentures carried an interest rate of 9.5% VETTER agreed to the recommendation made by JABLON and purchased $35,000 face amount of the said debentures of American Financial.

10. Thereafter, JABLON, without the permission or direction of VETTER, entered upon a course of conduct of selling and purchasing securities in VETTER's securities account which were (a) excessive in number, frequency and amount; (b) not authorized by her; and (c) not consistent with her investment objective.

11. JABLON, also without the knowledge or permission of VETTER, opened a margin account in her name and in the name of Hans Vetter, joint tenants, at SHEARSON and without the knowledge or permission of VETTER purchased and sold securities in the said margin account. SHEARSON realized interest income from the said margin account."

Based on the foregoing factual allegations, plaintiffs charge defendants with three separate violations of section 10(b) of the 1934 Act and Rule 10b–5: "Churning";[1] purchasing securities unsuitable to plaintiff Helen Vetter's investment objective; and purchasing securities without plaintiffs' authorization. Plaintiffs also allege that defendants violated Rule 408 of the New York Stock Exchange which stringently regulates the discretionary power members of the Exchange and their employees may exercise in customers' accounts. Finally, in a fifth cause of action, plaintiffs allege that defendant Shearson violated § 15(b)(3) of the 1934 Act in failing properly to supervise defendant Joblon so as to prevent his "improper course of conduct."

■ Defendant Shearson asserts that plaintiffs' complaint is "virtually devoid of information as to the particulars of the 'improper course of conduct' by which plaintiffs claim to have been defrauded." We agree. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This plaintiffs have clearly failed to do. Their complaint does no more than make unsubstantiated conclusory allegations.

---

1. "The 'churning' of a securities account occurs when a dealer, acting in his own interests and against those of his customer, induces transactions in the customer's account which are excessive in size and frequency in light of the character of the account." Note, *Churning by Securities Dealers*, 80 Harv.L.Rev. 869, 869 (1967). *See also Van Alen v. Dominick & Dominick, Inc.* (2d Cir. 1977) 560 F.2d 547, 549.

The Court of Appeals for this Circuit has held that "mere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5 are insufficient." *Shemtob v. Shearson, Hammill & Co.* (2d Cir. 1971) 448 F.2d 442, 444. *See also Denny v. Barber* (2d Cir. 1978) 576 F.2d 465, 470; *Felton v. Walston and Co., Inc.* (2d Cir. 1974) 508 F.2d 577, 580–81; *Segal v. Gordon* (2d Cir. 1972) 467 F.2d 602, 607. Most recently it observed in *Ross v. A. H. Robins Company, Inc.* (2d Cir. 1979) 607 F.2d 545, 557–558:

> "These decisions taken together establish that a plaintiff alleging fraud in connection with a securities transaction must specifically allege the acts or omissions upon which his claim rests. It will not do merely to track the language of Rule 10b–5 and rely on such meaningless phrases as 'scheme and conspiracy' or 'plan and scheme and course of conduct to deceive.' A defendant is entitled to a reasonable opportunity to answer the complaint and must be given adequate information to frame a response."

■ For instance, in order to support a cause of action for churning, plaintiffs cannot merely allege in conclusory terms that defendants have been guilty of churning, or that defendants may have purchased and sold securities which were "excessive in number, frequency and amount." (Complaint ¶ 10) "[T]he nature, amount and dates of securities transactions must be included in the complaint." (*Todd v. Oppenheimer & Co., Inc.* (S.D.N.Y.1978) 78 F.R.D. 415, 423. In addition, the complaint must identify the securities involved and should contain a "statement of facts permitting a determination of the turnover ratio or the percentage of the account value paid in commissions." *Salwen Paper Company, Inc. Profit Sharing Retirement Trust v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (S.D.N.Y.1978) 79 F.R.D. 130, 135. *See also Carroll v. Bear, Stearns & Co.* (S.D.N.Y.

1976) 416 F.Supp. 998, 1001; *Berman v. Bache, Halsey, Stuart, Shields, Inc.* (S.D. Ohio 1979) 467 F.Supp. 311, 314–15.

■ With regard to the claim of unsuitability, plaintiffs likewise allege only that defendant Joblon's transactions were "not consistent with [plaintiff Helen Vetter's] investment objective." (Complaint ¶ 10) In order to support this cause of action, plaintiffs must identify the transactions in question and the securities involved, and at least give some indication why they consider such securities to have been unsuitable. *See Rotstein v. Reynolds & Co.* (N.D. Ill.1973) 359 F.Supp. 109, 114. Similar considerations apply to the claim of unauthorized trading. If nothing else, plaintiffs must specify the transactions they allege to have been unauthorized, indicate when such transactions took place, and identify the securities that were the subject of the transactions.

Finally,[2] as regards defendants' alleged violations of Rule 408 of the New York Stock Exchange, regardless of whether a private action against a stock exchange member based on a violation of a rule of the exchange may be maintained at all, *cf. Van Alen v. Dominick & Dominick, Inc.* (2d Cir. 1977) 560 F.2d 547, 552, we have previously held in *Carroll v. Bear, Stearns & Co., supra,* 416 F.Supp. at 1002, that:

> "it is well settled that a federal private right of action based on an alleged violation of [such a rule] will be implied only when there are well-pleaded allegations of fraudulent conduct on the part of the defendant and not where the action is nothing more than a 'garden-variety customer-broker suit', as here. *Colonial Realty Corp. v. Bache & Co.* (2d Cir. 1966) 358 F.2d 178, 183, *cert. den.,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56; *Schonholtz v. American Stock Exchange Inc.* (S.D.N.Y.) 376 F.Supp. 1089, 1092, *aff'd per curiam,* 505 F.2d 699 (2d Cir. 1974)."

---

**2.** Since we have determined that plaintiffs have failed to plead the circumstances constituting defendants' allegedly fraudulent conduct with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure, we do not come to consider plaintiffs' claim that defendant Shearson failed properly to supervise its employee, defendant Joblon, in violation of section 15(b)(3) of the 1934 Act.

However, "because we are hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings, we believe that the plaintiffs should be afforded an additional, albeit final opportunity to conform the pleadings to Rule 9(b)." *Ross v. A. H. Robins Company, Inc., supra,* 607 F.2d at 547. Consequently, defendant Shearson's motion to dismiss is granted with leave to plaintiffs to file an amended complaint within twenty days if they choose to do so.

So ordered.