■ BADER'S RESIDENCE FOR ADULTS, Respondent, v TELECOM EQUIPMENT CORP., Appellant, et al., Defendants. — In an action to recover damages arising out of the sale and installation of a telephone system, defendant Telecom Equipment Corp. appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 16, 1981,, which denied its motion, *inter alia,* to strike the plaintiff's demands for punitive damages. Order modified by deleting that portion which denied the defendant's motion insofar as it sought to strike the demands for punitive damages and substituting therefor a provision dismissing plaintiff's third cause of action and so much of the plaintiff's first cause of action as seeks punitive damages. As so modified, order affirmed, with $50 costs and disbursements to appellant. In our view, the plaintiff is not entitled to recover punitive damages under the circumstances at bar. To the extent that its first cause of action asserts a breach of contract, "[i]t has always been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved" (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). To the extent that such cause of action rests upon allegations of fraudulent conduct, it does not allege fraud so gross, wanton or willful, or of such high moral culpability, as to justify an award of punitive damages (see *Walker v Sheldon,* 10 NY2d 401, 405; see, also, *Borkowski v Borkowski,* 39 NY2d 982, 983). Accordingly, the court should have stricken so much of the plaintiff's first cause of action as sought punitive damages (see *Sanfilippo v Metropolitan Life Ins. Co.,* 74 AD2d 600). With respect to the plaintiff's third cause of action, we have frequently held that a demand for punitive damages does not amount to a separate cause of action for pleading purposes (see, e.g., *Santos v Security & Law Enforcement Employees, Council 82, AFSCME, AFL-CIO,* 80 AD2d 554; *Brandenberg v Blue Cross & Blue Shield of Greater N. Y.,* 78 AD2d 534; *Sanfilippo v Metropolitan Life Ins. Co., supra; M.S.R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Since the third cause of action demands punitive damages based upon allegations which are essentially the same as those set forth in the first cause of action, it should have been dismissed (cf. *Aspesi v Shahinian Acoustics,* 84 AD2d 543). Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.