Evelyn E. JUSTER, Plaintiff,

v.

ROTHSCHILD, UNTERBERG, TOWBIN, Gruntal & Co., Shearson/American Express, Inc., Moore & Schley, Cameron & Co., and Paul J. Hochman, Defendants.

No. 82 Civ. 6602 (WK).

United States District Court, S.D. New York.

Jan. 10, 1983.

Miller & Seeger by Israel G. Seeger, New York City, for plaintiff.

Gaston, Snow, Beekman & Bogue by Catherine Ludden, Rogers & Wells, Peter T. Kujawski, New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Plaintiff has brought this action against her former stockbroker and the four institutions for which he worked over the period between July, 1977 and May, 1982. The complaint alleges violations of § 10(b) of the Securities Act of 1934 and Rule 10b–5 promulgated thereunder; common-law fraud; and violations of the Rules of the New York Stock Exchange and National Association of Securities Dealers. Two of the institutional defendants, Shearson/American Express (Shearson) and Rothschild, Unterberg, Towbin (Rothschild), have moved to dismiss the complaint in its entirety.[1] For the reasons stated below, we grant this motion as to Counts II and III of the Complaint, but otherwise deny it. We shall address each Count of the Complaint in order.

Count I states a claim of excessive trading ("churning") of the accounts plaintiff maintained in turn with each institution for which Hochman, the individual broker, worked. "Churning has been held to be a deceptive device within § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, for which a private cause of action for damages will lie." *Newburger, Loeb & Co., Inc. v. Gross* (2d Cir.1977) 563 F.2d 1057, 1069, *cert. denied* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978).

Defendants urge that Count I must be dismissed for insufficiency of pleading under Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." We reject this contention.

The Complaint states that plaintiff is sixty-seven years old, unmarried, unlearned in financial matters, and was, at the beginning of the events complained of, of moderate but dwindling income. The Complaint further alleges that plaintiff was completely dependent on defendant Hochman, to whom she entrusted her account as he moved from one brokerage house to another, for all financial advice and information. Plaintiff further alleges that she had given Hochman complete control over her originally modest portfolio on the express understanding that he was to manage it conservatively and take no unnecessary risks, which instructions plaintiff alleges he knowingly and deliberately violated.

With respect to defendants Rothschild and Shearson, plaintiff has set forth the dollar amounts of shares traded during the periods when they, through Hochman, managed her account. This information is stated for the entirety of the relevant periods and is further broken down into smaller periods of time ranging from six to eleven months [¶ 20; ¶ 37]. The Complaint further specifies the number of times plaintiff's average monthly capital was turned over, as reflected in these figures [¶ 21; ¶ 38]; the percentage of the total number of trades completed in each month of the relevant periods [¶ 22; ¶ 39]; and the commissions paid to the defendants by plaintiff as a result of these trades [¶ 25; ¶ 40]. With respect to defendant Rothschild alone, plaintiff has further stated the net capital gains taxes paid during the relevant period and the circumstances surrounding such payments, including allegedly false and fraudulent communications made to her on the subject by both Hochman and Rothschild.

We have held that a complaint must be dismissed if it contains no more than "unsubstantiated conclusory allegations," *Vetter v. Shearson Hayden Stone, Inc.* (S.D.N.Y.1979) 481 F.Supp. 64, 65. In that case, plaintiff's averments of churning consisted only of the statements that the defendant had

> entered upon a course of conduct of selling and purchasing securities in [plaintiff's] securities account which were (a) excessive in number, frequency and amount; (b) not authorized by her; and

---

tional defendants.

(c) not consistent with her investment objective.

While the information provided in the instant case might certainly be said to fall short of what a defendant could wish, we cannot say that plaintiff has set forth no more than such wholly conclusory, unsupported allegations. Especially in light of plaintiff's allegation that defendant Hochman repeatedly advised her to throw away her copies of the confirmation slips recording these trades (Complaint, ¶ 14), we cannot find that Count I is so lacking in specific information as to require its dismissal.

■ Count II of the Complaint purports to state a cause of action of "unsuitability and lack of supervision" under New York Stock Exchange Rule 405 and National Association of Securities Dealers Rules of Fair Practice Article III, Section 2. We find that this Count must be dismissed, since there is no federal right of action under these Rules.

Under the standards enunciated by the Second Circuit in *Colonial Realty Corp. v. Bache & Co.* (2d Cir.1966) 358 F.2d 178, and by the Supreme Court in *Touche Ross & Co. v. Redington* (1979) 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82, and *Transamerican Mortgage Advisers v. Lewis* (1979) 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146, in order to show that such a right of action exists, a plaintiff must demonstrate that such was Congress' intent. This plaintiff has totally failed to do.

Plaintiff has restricted her argument in this matter to the citation of two cases previously decided by us, *Carroll v. Bear Stearns & Co.* (S.D.N.Y.1976) 416 F.Supp. 998, and *Vetter v. Shearson Hayden Stone, Inc.* (S.D.N.Y.1979) *supra,* 481 F.Supp. 64. These cases, however, do not stand for the proposition that such a right of action exists. Indeed, contrary to plaintiff's interpretation, *Vetter* specifically reserved decision on this issue. 481 F.Supp. at 66. Both of these cases simply restated the holding of the Second Circuit in *Colonial Realty,* that Congress did not intend to provide a federal right of action that could be invoked by "mere recitation of the statutory watch-

word by an aggrieved investor." 358 F.2d at 183. We thus held that, where a complaint is so deficient as to warrant dismissal under Rule 9(b), no such right of action will be implied.

We have, since that time, seen no persuasive demonstration of Congress' intent to create a federal right of action under the Rules at issue. On the contrary, as Judge Conner observed in *Colman v. D.H. Blair & Co., Inc.* (S.D.N.Y.1981) 521 F.Supp. 646, 654, "several factors suggest the absence of such an intent:

"(1) the statutory bases for the NYSE and NASD Rules, see 15 U.S.C. §§ 78f(b)(5) and (6) and 78o–3(b)(6) and (7), do not confer any rights or proscribe any conduct by exchange or association members,

"(2) there is apparently no mention of this subject in the legislative history;

"(3) there are several express provisions in the Act creating private remedies under specified circumstances, suggesting that the failure to provide for private actions for violations of exchange or association rules was not an oversight;

"(4) the statutory scheme provides for self-regulation and enforcement by exchanges and associations, suggesting that Congress has selected this as the exclusive means of enforcement." (Citations omitted.)

*See also, Klitzman v. Bache Halsey Stuart Shield, Inc.* (S.D.N.Y.1980) 499 F.Supp. 255; *Jablon v. Dean Witter & Co.* (9th Cir.1980) 614 F.2d 677. Count II of the Complaint is therefore dismissed. Since plaintiff may have stated facts and allegations upon which some other cognizable cause or causes of action may be based, *see, Plunkett v. Dominick & Dominick, Inc.* (D.Conn.1976) 414 F.Supp. 885, 890, we grant leave to replead. Plaintiff's amended complaint, if any, must be filed with this Court by February 8, 1983. Defendants' answer or motion in response, if any, shall be due March 7, 1983.

■ Count III alleges that the defendants violated Section 10b of the Securities

Act of 1934 and Rule 10b–5 by making various misrepresentations, misstatements and omissions of fact throughout their dealings with plaintiff. We find that this cause of action is stated in wholly conclusory terms, supported by no specific factual references, and so must be dismissed.

Count III lists allegations of various sorts of wrongdoing by defendant Hochman, including a host of what we assume to be paraphrases of a number of general statements, made at unspecified times, in unspecified manners and circumstances, to plaintiff. As the institutional defendants in general are charged with having failed to rectify or prevent the wrongs done by defendant Hochman, the total absence of particulars as to when, how, and under what circumstances his various statements were made, must render difficult (if not impossible) their preparation of any defenses. Indeed, from the information provided, no institutional defendant can know even generally which of Hochman's allegedly wrongful acts took place during the period of its management of plaintiff's account.

Count III further alleges that Shearson and Rothschild—along with the other institutional defendants—were themselves guilty of fraudulent statements. With respect to these claims, not only the particulars above mentioned, but even information as to the content and the makers of the alleged statements is nowhere to be found. It is well established that a mere assertion that wrongful statements were made, without more, is wholly insufficient to support a claim of fraud. *Todd v. Oppenheimer & Co., Inc.* (S.D.N.Y.1978) 78 F.R.D. 415, 423; *Gross v. Diversified Mortgage Investors* (S.D.N.Y.1977) 431 F.Supp. 1080, aff'd (2d Cir.1980) 636 F.2d 1201. Count III of the Complaint is therefore dismissed, without prejudice to plaintiff to amend and replead.

Count IV of the Complaint states a claim of common law fraud. Since we have refused to dismiss Count I, Count IV is properly before us under the principles of pendent jurisdiction.

Finally, we reject defendants' contention that that portion of the Complaint must be stricken which prays for punitive damages. "It is well established that an award for punitive damages is not permissible for violations . . . of section 10(b) of the 1934 Act." *Flaks v. Koegel* (2d Cir.1974) 504 F.2d 702, 706. However, the availability of this remedy to a cause of action of a common law fraud brought pendent to a federal cause of action, is determined by state law. The New York courts have held that such damages are available even where, as in the instant case, a plaintiff has not alleged a fraud perpetrated on the public. *Borkowski v. Borkowski* (1976) 39 N.Y.2d 982, 387 N.Y.S.2d 233, 355 N.E.2d 287; *Chase Manhattan Bank, N.A. v. Perla* (1978) 65 A.D.2d 207, 411 N.Y.S.2d 66, 69; *Greenspan v. Commercial Insurance Co.* (1977) 57 A.D.2d 387, 395 N.Y.S.2d 519, 520–21. Whether or not plaintiff "can prove that the defendants engaged in the sort of morally culpable conduct that would warrant an award of punitive damages of course remains to be seen, but [she] is entitled to present [her] proof on the issue." *Banco Nacional de Costa Rica v. Bremar Holdings* (S.D.N.Y.1980) 492 F.Supp. 364, 374.

In conclusion, then, we grant defendants' motion to the extent that we dismiss Counts II and III of the Complaint, with leave to the plaintiff to replead; and deny the motion otherwise.

SO ORDERED.