■ HARRIET MARCUS, Respondent-Appellant, v HAROLD MARCUS, Defendant, and ELIZABETH A. METZ, Appellant-Respondent. — In a matrimonial action for a divorce and for an accounting and punitive damages based upon the alleged fraudulent transfer of marital property, defendant Elizabeth Atwood Metz appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered April 29, 1982, as, upon her motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the third cause of action in the complaint as against her, sustained said third cause of action against her except that portion thereof which sought an equitable accounting, and plaintiff cross-appeals from so much of said order as struck from her third cause of action all allegations relating to an accounting. Order modified, on the law, by granting defendant Metz' motion to dismiss plaintiff's third cause of action as against her to the extent of dismissing so much thereof as demands punitive damages, and by denying the motion in all other respects, and so much of plaintiff's third cause of action as demanded an accounting from both defendants is reinstated. As so modified, order affirmed, without costs or disbursements. Punitive damages may be awarded in actions for fraud and deceit only where the fraud is gross, involves high moral culpability, and is aimed at the general public (see *Walker v Sheldon,* 10 NY2d 401; *James v Powell,* 19 NY2d 249). The allegations herein do not rise to that level. Therefore, plaintiff's claim for punitive damages must be dismissed. Plaintiff's husband is her fiduciary as a matter of law. Therefore, on the allegations herein, she is entitled to demand an accounting from him (see *Christian v Christian,* 42 NY2d 63; *Ducas v Guggenheimer,* 90 Misc 191, affd *sub nom. Ducas v Ducas,* 173 App Div 884). However, she also alleges that defendant Metz knowingly participated in his breaches of trust against her. It is well settled that one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damages caused thereby to the *cestui que trust* (*Wechsler v Bowman,* 285 NY 284, 291, mot for rearg den and mots to amend remittitur granted 286 NY 582; *Pace v Perk,* 81 AD2d 444, 454-455). Such a third party may be held to

account to the defrauded party as a constructive trustee, where he has appropriated the proceeds of the wrongdoing (see *Frier v J. W. Sales Corp.*, 261 App Div 388; *Libenson v Anderson Mfg. Co.*, 269 App Div 989). Accordingly, plaintiff is entitled to demand an accounting from defendant Metz, and her claim for an accounting from both defendants is therefore reinstated. Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.