## (December 19, 1983)

■ ALLEN F. BECK, Respondent, v GENERAL TIRE AND RUBBER COMPANY et al., Appellants. — In an action, *inter alia,* to recover damages for fraud, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered April 8, 1983, as, upon reargument, adhered to so much of its prior determination dated December 9, 1982 as directed all parties to appear in court on the same day for examinations before trial. Order modified, on the facts, by adding a provision directing that plaintiff first submit to an examination before trial by defendants at a time to be agreed upon by the parties, or, if the parties cannot agree, at a time to be fixed by the court upon application of one of the parties; and further directing that upon completion of plaintiff's examination, each of the defendants shall separately submit to an examination before trial, at a time to be agreed upon by plaintiff and the defendant to be examined, or, if no agreement can be reached, at a time to be fixed by the court upon application of plaintiff. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Defendants, simultaneously with the service of their answer, served a notice to take a deposition upon oral examination of plaintiff. Plaintiff moved for, *inter alia,* a simultaneous examination of all parties. Defendants cross-moved for, *inter alia,* an order setting the priority of the examinations before trial. In an order dated December 9, 1982 the court directed, *inter alia,* that all parties appear simultaneously at a specified time and place for examinations before trial. The order failed to grant defendants' cross motion which sought an order setting the priority of examinations. Defendants moved for reargument, claiming, *inter alia,* that they should be granted an order setting the priority of examinations. They also sought a protective order pursuant to CPLR 3103 (subd [a]) prohibiting plaintiff from examining defendants in New York and reqüiring instead an examination of defendants in Ohio by either "open commission or written interrogatories" after the taking of plaintiff's examination before trial. In the order entered April 8, 1983, the court granted reargument but failed to address defendants' request for this relief. "Where there are no special circumstances * * * priority of examination belongs to the defendant, provided his notice is served within the time to answer the complaint * * * (CPLR 3106, subd [a] * * *)" (*370 Hamilton Ave. v Allied Outdoor Adv.,* 84 AD2d 518, 519; *Goldberg v Freedman,* 33 AD2d 754). Since no special circumstances are present here and defendants served their notice within this time frame, they should have been granted a priority. Defendants fail to present a sufficient reason to warrant a protective order pursuant to CPLR 3103 (subd [a]). However, it is unnecessary to require the individual defendants, who are all officers of the defendant company, to appear simultaneously in New York away from the Ohio-based company. Consequently, the individual defendants shall be examined separately. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.

appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated October 8, 1982, as dismissed his second, third and fourth causes of action. Order modified by adding a provision granting plaintiff leave to amend the *ad damnum* clause of the complaint to include a demand for punitive damages against defendants with regard to the cause of action for fraud. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff may serve defendants with an amended complaint in accordance herewith within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In this action plaintiff has set forth four purported causes of action: fraud, prima facie tort, punitive damages and an accounting. The claims for fraud and prima facie tort are alleged as against all defendants. The cause of action for an accounting and the claim for punitive damages are alleged only as against defendant General Tire and Rubber Co. In support of these four purported causes of action, the complaint alleges that in 1974, plaintiff met with defendants Creamer, McCarthy and Pittenger, all employees of defendant General Tire and Rubber Co., and entered into an agreement which plaintiff believed would lead to his eventual and exclusive ownership of a failing General Tire dealership known as Nassau-Suffolk General Tire Service, Inc. Pursuant to this agreement, defendants formed a New York corporation known as "Beck General Tire Co. Inc." for the purpose of taking over the business of Nassau-Suffolk General Tire Service, Inc. Plaintiff deposited $25,000 with defendant, General Tire, $2,500 of which was for ownership of 25% of the stock in the newly formed corporation and the remaining $22,500 of which was to be held by defendant General Tire as security for plaintiff's guarantee of payment of any losses in the newly formed corporation. It was further agreed that plaintiff would work as the manager of the newly formed corporation and deposit all of his bonuses and additional compensation, other than salary, with defendant General Tire as additional security for said guarantee of losses. All profits were to remain in the new business as plaintiff's equity. Defendant General Tire also made a capital investment in the new corporation for which it received a 75% stock ownership and the promise of a regular dividend. The complaint further alleges that while the agreement provided for plaintiff's eventual purchase of all of defendant General Tire's stock in the newly formed corporation, defendants never intended to go through with the agreement. Rather, it is alleged defendants were simply conspiring to defraud plaintiff of his time and money in order to benefit defendant General Tire. Consequently, it is alleged that when the new corporation began operating with plaintiff as its manager, defendant General Tire forced plaintiff, through its controlling interest, to operate the business in a manner beneficial to itself and detrimental to plaintiff. As a result, the business failed and plaintiff was fired. Thereafter, defendants continued to operate the business for defendant General Tire's benefit, thus depriving plaintiff of his investment in the business. Defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7). Special Term dismissed the purported causes of action for punitive damages, for an accounting, and to recover damages for prima facie tort. It did not, however, dismiss the cause of action to recover damages for fraud. Plaintiff now appeals from so much of the order as dismissed the three causes of action. Special Term properly dismissed the cause of action for punitive damages since it is well settled that no separate cause of action for such damages can be maintained (*Bader's Residence for Adults v Telecom Equip. Corp.,* 90 AD2d 764; *Sanfilippo v Metropolitan Life Ins. Co.,* 74 AD2d 600). However, plaintiff may amend the *ad damnum* clause of his complaint to include a demand for punitive damages against defendants on his cause of action for fraud which has been sustained. The cause of action

for an accounting was also properly dismissed. Having chosen to conduct business with General Tire through the corporate form, plaintiff's appropriate remedy is a stockholder's derivative action in the right of the corporation (see *Weisman v Awnair Corp.,* 3 NY2d 444; *Abelow v Grossman,* 91 AD2d 553). Finally, with respect to the fourth cause of action for prima facie tort, we disagree with Special Term's conclusion that special damages were not sufficiently pleaded. Special damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious act (*Ginsberg v Ginsberg,* 84 AD2d 573; *Lincoln First Bank v Siegel,* 60 AD2d 270, 280). While some of the damages sought are indeed speculative in nature, some are clearly definable, such as plaintiff's loss of his initial deposit, bonuses and additional compensation other than salary. Nevertheless, this cause of action cannot be sustained since an essential element thereof was not sufficiently pleaded. A prima facie tort has been defined as: " '[T]he infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful' " (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458, quoting from *Ruza v Ruza,* 286 App Div 767, 769). The only intentional and harmful acts alleged are those which, if proven, will establish the traditional tort of fraud. A prima facie tort may not be used as an alternative for a traditional tort (cf. *Belsky v Lowenthal,* 62 AD2d 319, affd 47 NY2d 820). Consequently, the cause of action sounding in prima facie tort was properly dismissed. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.