Gregory ZEMAITIS, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and Geoffrey L. Conklin, Defendants.

No. CIV–83–1442T.

United States District Court, W.D. New York.

April 26, 1984.

---

Sutton, De Leeuw, Clark & Darcy, Rochester, N.Y. (Frank P. Monfredo, Rochester, N.Y., of counsel), for plaintiff.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Harry P. Trueheart, III, Rochester, N.Y., of counsel), for defendants.

## MEMORANDUM DECISION and ORDER

TELESCA; District Judge.

This is an action under the Federal Securities Exchange Act of 1934 and containing a pendent state law claim brought by plaintiff against defendant, Merrill, Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) and one of its brokers, Geoffrey L. Conklin. The complaint alleges that plaintiff opened an investment account with defendant Merrill Lynch, responsibility for which was given to Conklin. Plaintiff contends that defendants wrongfully conducted excessive trading in his account for their own benefits (Count I "Churning"); that the investments made were unsuitable to plaintiff's investment objectives (Count II "Unsuitability"); that the defendants intentionally made material misstatements and omissions in regard to the sale of securities to his detriment in violation of Rule 10b–5 (Count III "Misstatements and Omissions"); and, finally, a count alleging basically the same facts as Count III under state law (Count IV "Common Law Fraud"). Defendants have moved to dismiss Count II for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendants have simultaneously moved to compel arbitration of plaintiff's common law fraud claim and further, request that this Court stay its proceedings pending the completion of that arbitration.

## DISCUSSION

### I.

█ Plaintiff admits in his brief that this Circuit does not recognize a cause of action for unsuitability. (See Plaintiff's Memorandum p. 1). He argues, however, that other Circuits have recognized such a cause of action and urges that this Court adopt that view. *See Mihara v. Dean, Witter & Co.*, 619 F.2d 814 (9th Cir.1980); *Buttery v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135, 141 (7th Cir.1969), *cert. denied*, 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969). I choose, however, to follow what I believe to be the better view, expressed by other courts in this Circuit that a violation of the rules of the New York Stock Exchange and the National Association of Securities Dealers regarding suitability of investments, does not create an implied cause of action under the Federal Securities Acts of 1933 or 1934. *See Juster v. Rothschild, Unterberg, Towbin, Gruntal & Co.*, 554 F.Supp. 331, 333 (S.D. N.Y.1983); *Mauriber v. Shearson-American Express, Inc.*, 546 F.Supp. 391, 394 (S.D.N.Y.1982); *Picard v. Wall Street Discount Corp.*, 526 F.Supp. 1248 (S.D.N.Y. 1981). Accordingly, defendants' motion to dismiss Count II of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

### II.

Defendants have also moved to compel arbitration of Count IV of plaintiff's complaint. In support of this motion, defendants have submitted a copy of the Standard Option Agreement signed by plaintiff under the terms of which plaintiff has agreed to submit to arbitration any controversies between the parties which arise out of the option transactions involved, to be conducted before the National Association of Securities Dealers, Inc., the New York Stock Exchange, or another exchange of plain-

tiff's election. (See Exhibit "D" to affidavit of William L. Noonan, Jr., sworn to March 2, 1984). Defendants also seek a stay of this proceeding pending that arbitration.

■ It is well settled (and defendants do not contend otherwise) that claims under the Federal Securities Acts are not arbitrable and that the jurisdiction of the federal courts to hear such claims cannot be waived. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Defendants attempt to compel arbitration only of plaintiff's fourth claim for common law fraud over which plaintiff asks this Court to exercise pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

A review of the cases which have addressed this question indicate that courts have determined this issue based upon the similarity between the state and federal claims as alleged in the complaint. In *Mansbach v. Prescott, Ball, and Turben,* 598 F.2d 1017 (6th Cir.1979) the court held that if the federal claims contained substantially the same elements as the state law claims, ... "so that resolution of the federal claims will necessarily resolve the state claims," then the court should hear both. *Id.* at 1030. Conversely, the court held, if the state and federal claims are deemed not similar enough, the court should proceed with the federal claims and stay all proceedings on the state law claims. *Id.* at 1031. Other courts, however, have viewed the district court's discretion in such situations to be far more limited. In *Dickenson v. Heinold Securities Inc.,* 661 F.2d 638 (7th Cir.1981) the court held that a district court may not refuse to enforce an agreement to arbitrate merely because an arbitrable claim is tied together with one which is not, "even when a bifurcated resolution may result in an assertedly inefficient or delayed resolution of the entire dispute". *Id.* at 646. However, the court in *Dickenson* also recognized that "[w]here the non-arbitrable issues substantially permeate the entire case and make it difficult to separate out the arbitrable issues, the district court has discretion to stay arbitration pending a judicial resolution of the non-arbitrable claims". *Id.* at 644, citing *Applied Digital Technology, Inc. v. Continental Casualty Co.,* 576 F.2d 116, 117 (7th Cir.1978); *see also, Lawson Fabrics, Inc. v. Akzona,* 355 F.Supp. 1146, 1151 (S.D.N.Y.1972), *aff'd,* 486 F.2d 1394 (2nd Cir.1973). "By controlling the order of the two adjudications ... the district court can preserve its full authority to decide the non-arbitrable federal issues without any collateral estoppel consequences from the prior arbitration". *Dickenson, supra,* 661 F.2d at 644; *accord, Pross v. Baird, Patrick and Co., Inc.,* 585 F.Supp. 1456 Fed.Sec.L.Rep. (C.C.H.) Para. 99, 438 (S.D.N.Y.1983).

Defendants cite two recent United States Supreme Court cases, *Southland Corporation v. Keating,* —— U.S. ——, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) in support of their position that not only should the fourth claim be arbitrated, but it should be arbitrated before any judicial resolution of the remaining federal claims in plaintiff's complaint. Although both of these cases emphasize the strong federal policy in favor of arbitration, nothing in either case suggests that *Wilko v. Swan, supra,* has been overruled. Thus, of at least equal importance is that this Court preserve its jurisdiction over the Federal Securities claims and not allow an arbitrator to decide factual issues pertinent to such claims. *See Miley v. Oppenheimer and Co., Inc.,* 637 F.2d 318, 335 (5th Cir.1981); *Dickenson v. Heinold, supra,* 661 F.2d at 644.

■ A review of the complaint in this case reveals that plaintiff's third claim for misstatements and omissions in violation of S.E.C. Rule 10b–5 and fourth cause of action for common law fraud are substantially similar. The facts adjudicated in regard to one will in all likelihood be conclusive of the other. However, the burden of proof on plaintiff's common law fraud claim is higher, *see Weinberger v. Kendrick,* 698 F.2d 61, 78 (2nd Cir.1982), and this claim also carries with it a possible award of

punitive damages. Thus, if defendants should prevail on Count III in this Court, there would be virtually nothing left to arbitrate on Count IV. Conversely, if plaintiff should prevail on Count III, then plaintiff's fourth claim could be submitted to arbitration with this Court's determination being given appropriate collateral estoppel effect. *See New York State Association for Retarded Children v. Carey*, 456 F.Supp. 85, 96 (E.D.N.Y.1978).

Therefore, it makes sense to proceed first with the adjudication of the federal claims (which cannot be arbitrated) and stay the arbitration of the state claims in the meantime.

### CONCLUSION

Accordingly, defendants' motion to dismiss Count II of plaintiff's complaint is granted. Further, this Court declines to exercise pendent jurisdiction over Count IV of plaintiff's complaint and orders that arbitration of that claim be stayed pending the judicial resolution of plaintiff's Federal Securities Law claims.

SO ORDERED.