**R. Stockton RUSH III, Plaintiff,**

v.

**OPPENHEIMER & CO., INC. and Scott Seskis, Defendants.**

**No. 84 Civ. 3219 (RWS).**

United States District Court, S.D. New York.

Nov. 9, 1984.

**1530**

Lovell & Stewart, New York City, for plaintiff; Victor E. Stewart, New York City, of counsel.

Joan Caridi, New York City, for defendant Oppenheimer & Co., Inc.

## OPINION

SWEET, District Judge.

This is a motion for reargument seeking reinstatement of the plaintiff's punitive damages claim appended to the common law fraud count of the complaint. The motion is granted and the prior order of August 23, 1984, striking the punitive damage claim, is vacated.

## Procedural Background

This case was commenced on May 8, 1984 by Rush ("Rush") seeking damages against his securities broker Oppenheimer & Co. and Scott Seskis ("Brokers") alleging violations of section 10(b) of the Securities Exchange Act of 1934, the Organized Crime Control Act of 1970 ("RICO") and New York common law. Brokers brought a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6), and in an opinion dated August 23, 1984 this court denied that motion with respect to the Rule 10(b) claim, granted the motion with respect to the RICO claim, and granted the motion with respect to the New York common law claim to the extent of eliminating the plaintiff's claim for punitive damages. 592 F.Supp. 1108. Rush now brings this motion seeking reinstatement of the punitive damages aspect of the common law claim. The underlying facts are set forth in this court's earlier opinion.

## The Issue

In this court's August 23, 1984 opinion, I dismissed the punitive damages element of Rush's common law claim, holding that a necessary element for punitive damages under New York law was an allegation of fraud aimed at the public generally. At 1112–13, *citing Durham Industries, Inc. v. North River Insurance Co.,* 673 F.2d 37, 41 (2d Cir.), *cert. denied,* 459 U.S. 827, 103 S.Ct. 61, 74 L.Ed.2d 64 (1982). The practical consequence of permitting a claim of punitive damages in fraud actions where the fraud was solely private in nature is to extend substantially by judicial fiat the extent of relief obtainable in any fraud case. In the context of apparent confusion among the New York courts, therefore, I chose to follow *Durham, supra,* and *Marcus v. Marcus,* 92 A.D.2d 887, 459 N.Y.S.2d 873 (S.Ct. App.Div. 2d Dep't 1983) in requiring a public impact from the fraud before punitive damages were available. I

found that the facts pled by Rush did not allege such a public fraud.

**Conclusions**

On re-examination upon reargument which referred to an opinion not previously cited, *Roy Export Co. Estab. of Vaduz v. Columbia Broadcasting*, 672 F.2d 1095 (2d Cir.1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982), I conclude, as have others, that *Durham, supra*, and *Marcus, supra*, do not state prevailing New York law. The Second Circuit panel in *Durham Industries, supra*, stated that before punitive damages could be awarded "[t]here must be fraud 'aimed at the public generally,' evincing a 'high degree of moral turpitude,' and demonstrating 'such wanton dishonesty as to imply a criminal indifference to civil obligations.' " *Citations omitted.* Similarly, in *Marcus v. Marcus, supra*, the Court held that "[p]unitive damages may be awarded in actions for fraud and deceit only where the fraud is gross, involves high moral culpability, and is aimed at the general public." *Id.* 459 N.Y. S.2d at 874.

Another, and apparently prevailing line of authority maintains, however, that punitive damages are available where the allegations set forth a gross, wanton, or willful fraud or other morally culpable conduct, whether or not the acts alleged were aimed at the public generally. In *Borkowski v. Borkowski*, 39 N.Y.2d 982, 387 N.Y.S.2d 233, 355 N.E.2d 287 (Ct.App.1976) the Court of Appeals said: "It is not essential, as the Appellate Division stated, that punitive damages be allowed in a fraud case only where the acts had been aimed at the public generally. [Punitive damages are available upon showing] gross, wanton, or willful fraud or other morally culpable conduct." *See Bader's Residence for Adults v. Telecom Equipment Corp.*, 90 A.D.2d 764, 455 N.Y.S.2d 303 (S.Ct.App.Div.2d Dep't 1982) (citing *Borkowski*); *Greenspan v. Commercial Ins. Co.*, 57 A.D.2d 387, 395 N.Y.S.2d 519 (S.Ct.App.Div.3d Dep't 1977) (quoting *Borkowski*).

The federal courts have recognized and applied the *Borkowski* statement of the standard for punitive damages in fraud actions. In *Roy Export Co. Estab. of Vaduz v. Columbia Broadcasting, supra*, a different panel of the Second Circuit stated: "We agree with Judge Lasker's careful analysis [that] New York law clearly permits punitive damages where a wrong is aggravated by recklessness or willfulness [citations omitted] whether or not directed against the public generally." *Id.* at 1106, *citing Borkowski, supra.* Judge Lasker had stated: "[P]unitive damages are appropriate where 'the wrong is aggravated by evil or a wrongful motive or where there was a willful and intentional misdoing or a reckless indifference equivalent thereto.' " *Roy Export v. Columbia Broadcasting System*, 503 F.Supp. 1137 (S.D.N.Y.1980). Similarly, in *Juster v. Rothschild, Unterberg, Towbin*, 554 F.Supp. 331 (S.D.N.Y. 1983) the Court had held, in the context of a state common law action pendent to a section 10(b) action, that "the availability of this remedy ... is determined by state law. The New York Courts have held that such damages are available even where, as in the instant case, a plaintiff has not alleged a fraud perpetrated on the public." *Id.* at 334, *citing Borkowski, supra*, and *Greenspan, supra. See also Aldrich v. Thomas McKinnon Securities Inc. and George Serhal*, 589 F.Supp. 683 at 684 (1984) (interpreting New York law to permit punitive damages even where no fraud on public).

The weight of authority indicates that punitive damages in fraud actions are not conditioned on an allegation that the fraud was perpetrated on the public. Despite the Second Circuit statement in *Durham Industries, supra*, the New York Court of Appeals' decision in *Borkowski, supra*, and the Second Circuit statement of the law in *Roy Export, supra*, seem to represent the prevailing New York view.

In order to plead a case sufficient to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), then, a plaintiff seeking punitive damages as a consequence of common law fraud must allege gross, wanton, or willful fraud, or other morally cul-

pable conduct. It is necessary to allege fraud that is founded upon such moral indifference as to be "aggravated by evil" or to be demonstrative of a criminal indifference to civil obligations. The facts alleged in Rush's complaint, as set forth in this court's August 23rd opinion, meet this threshold pleading burden.

**Conclusion**

Rush's claim for punitive damages based on the common law fraud claim is reinstated. Discovery in this case shall be completed by February 6, 1985 and a joint pretrial order submitted by February 13, 1985.

IT IS SO ORDERED.