ZALMAN KLEIN, Appellant, v ARYEH GUTMAN et al., Respondents. [784 NYS2d 145]—

In an action for a judgment declaring, in effect, that the defendants Aryeh Gutman and Abraham Singer deprived the

plaintiff of his interest in real property, to impose a constructive trust, and for an accounting, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 13, 2002, as granted that branch of the motion of the defendants Abraham Singer and Central Equities Credit Corp. which was to dismiss the complaint insofar as asserted against the defendant Central Equities Credit Corp., and, sua sponte, directed the dismissal of the second cause of action, and (2) an order of the same court dated December 18, 2002, which granted the motion of the defendants Aryeh Gutman, Park Offices Corp., and Park Offices, LLC, to cancel a notice of pendency.

Ordered that the notice of appeal from so much of the order dated December 13, 2002, as, sua sponte, directed the dismissal of the second cause of action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated December 13, 2002, is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Abraham Singer and Central Equities Credit Corp. which was to dismiss the complaint insofar as asserted against the defendant Central Equities Credit Corp. is denied, that portion of the order which, sua sponte, directed the dismissal of the second cause of action is vacated, the complaint is reinstated insofar as asserted against the defendant Central Equities Credit Corp., and the second cause of action is reinstated insofar as asserted against the defendant Park Offices, LLC; and it is further,

Ordered that the order dated December 18, 2002, is reversed, on the law, and the notice of pendency is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Zalman Klein, commenced this action against the defendants Aryeh Gutman, Abraham Singer, Central Equities Credit Corp. (hereinafter Central), Park Offices Corp., and Park Offices, LLC. The complaint alleged, inter alia, that since 1967, the plaintiff and Gutman were engaged in the real estate business as partners. In 1986 Gutman and the plaintiff purchased a parcel of real property located in Queens County (hereinafter the Queens property), in the name of "Springfield Meadows Estate," an entity in which the plaintiff and Gutman were each 50% partners.

The plaintiff alleged that in 1991 the partnership transferred title to the Queens property to Shlomo Eisenbach (a brother-in-law of the plaintiff) as a nominee in an effort to refinance it.

The Queens property was facing foreclosure. In 1996, Gutman allegedly utilized a forged and fraudulent power of attorney from Eisenbach to cause the Queens property to be conveyed to an entity known as Spring Gardens Corp. for the purpose of refinancing the existing mortgage on the Queens property. Spring Gardens Corp. was controlled and operated by Gutman. Singer, Gutman's son-in-law, was the shareholder and officer who signed the mortgage documents.

Thereafter, Spring Gardens Corp. conveyed the Queens property to a third party for $2.4 million. Gutman and Singer allegedly caused $350,000 from the sale proceeds to be transferred to Central. Singer was Central's president, and the plaintiff additionally alleged that Central was "operated and controlled" by Gutman. On November 25, 1997, Park Offices Corp. was formed with Gutman as president. On November 26, 1997, Gutman arranged for a mortgage loan in the sum of $350,000 from Central to Park Offices Corp. to buy property located at 1575-50th Street, in Brooklyn (hereinafter the 50th Street property). Park Offices Corp. bought the 50th Street property. Thereafter, Park Offices Corp. executed and delivered a deed to the 50th Street property to Park Offices, LLC. The plaintiff alleged that Singer was the managing partner of Park Offices, LLC, and the "alter ego" of Gutman. The plaintiff filed a notice of pendency against the 50th Street property.

The plaintiff further alleged that the conveyance of the Queens property to Spring Gardens Corp. was made without any consideration to or consent of the plaintiff, and was made solely for the purpose of enabling Gutman to deprive the plaintiff of his 50% interest in the Queens property.

The first cause of action, interposed against all of the defendants, sought a judgment declaring, in effect, that Gutman and Singer, acting together and with the defendant business entities they controlled, deprived the plaintiff of his interest in the Queens property and, using some of the proceeds generated from the sale therefrom, ultimately acquired the 50th Street property. The second cause of action, interposed against Central and Park Offices, LLC, sought to impose a constructive trust, inter alia, on the $350,000 mortgage Central held on the 50th Street Property, and on the real property itself, owned by Park Offices, LLC. The third and final cause of action sought an accounting from all of the defendants.

As relevant to this appeal, Singer and Central moved, in effect, to dismiss the first and third causes of action insofar as asserted against Singer, and to dismiss the complaint insofar as asserted against Central, on the ground, inter alia, that the

complaint failed to state a cause of action. Gutman, Park Offices Corp., and Park Offices, LLC, separately moved to cancel the notice of pendency filed against the 50th Street property.

By order dated December 13, 2002, the Supreme Court granted that branch of the motion of Singer and Central which was to dismiss the complaint insofar as asserted against Central, and denied that branch of the motion which was to dismiss the first and third causes of action insofar as asserted against Singer. In addition, the court, sua sponte, directed dismissal of the second cause of action. By separate order dated December 18, 2002, the court granted the motion of Gutman, Park Offices Corp., and Park Offices, LLC, to cancel the notice of pendency.

At this stage of the action, we find that the plaintiff adequately stated all of his causes of action. "[O]n a motion to dismiss a pleading for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all of the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference" (*Maric Piping v Maric,* 271 AD2d 507 [2000]). The plaintiff alleged that his partner Gutman wrongfully transferred his one-half interest in the Queens property. The Supreme Court recognized that, as the plaintiff's partner, Gutman had a fiduciary duty to the plaintiff, which he allegedly breached by wrongfully transferring the plaintiff's interest in the Queens property. Although Singer did not have a fiduciary relationship with the plaintiff, the Supreme Court correctly noted that one who participates with a fiduciary in a breach of trust is liable for the full amount of the damages to the injured party (*see Marcus v Marcus,* 92 AD2d 887 [1983]). Gutman, with the assistance of his son-in-law, Singer, allegedly transferred the plaintiff's interest in the Queens property (or the proceeds derived from its sale) through various business entities that they controlled. The plaintiff should be allowed to go forward and attempt to prove that his one-half interest in the Queens property is traceable to real property and/or other assets now held by Central and Park Offices, LLC.

Under the circumstances, there is a justiciable controversy among the parties sufficient to defeat the motions to dismiss the first cause of action, seeking a declaratory judgment (*see* CPLR 3001; *Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57 [1998]). In addition, the elements of the second and third causes of action, to impose a constructive trust and for an accounting, respectively, either are adequately alleged or may fairly be inferred from the complaint (*see Sharp v Kosmalski,* 40 NY2d 119 [1976]; *Marcus v Marcus, supra*).

As the complaint, in part, seeks to impose a constructive trust on the 50th Street property, it was a proper basis upon which to impose a notice of pendency (*see Jacobs v Abramoff*, 148 AD2d 497 [1989]). Accordingly, we reverse the order dated December 18, 2002, and reinstate the notice of pendency.

The defendants' remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.