Rosemary SHELLEY, Plaintiff,

v.

Howard NOFFSINGER and Madda Trading Company, a Delaware corporation, Defendants.

No. 80 C 4335.

United States District Court, N. D. Illinois, E. D.

Aug. 28, 1981.

F. John Cushing, III, Ambrose & Cushing, P. C., Chicago, Ill., for plaintiff.

Joel Bellows and Nicholas P. Iavarone, Bellows & Bellows, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Presently before the court is defendants' motion to dismiss the plaintiff's amended complaint for failure to state a claim upon which relief can be granted and for failure to join a party. The plaintiff moves to strike the motion.

■ The amended complaint alleges violations of the Commodity Exchange Act, as amended by the Commodity Futures Trading Commission (CFTC) Act of 1974, 7 U.S.C. § 6b. The plaintiff, in addition, seeks in a pendent state claim to recover for the defendants' alleged breach of their common law fiduciary duty to her. Subject matter jurisdiction with respect to the plaintiff's federal claim is pursuant to 28 U.S.C. § 1337. *Hofmayer v. Dean Witter & Co., Inc.,* 459 F.Supp. 733, 738 (N.D.Cal. 1978); *Gould v. Barnes Brokerage Co., Inc.,* 345 F.Supp. 294, 295 (N.D.Tex.1972).

As in the original complaint, Rosemary Shelley, the plaintiff, contends in Count I of her amended complaint that the defendants, registered commodity brokers/dealers within the State of Illinois: (a) "churned" her account, i. e. traded excessively in the account; and (b) purchased and sold volatile and speculative commodities contracts with the knowledge that such transactions were not in keeping with her financial needs and investment objectives. As to this latter point, the plaintiff further alleges that the defendants knew or should have known that her investment objectives were to invest in stable commodity contracts that would generate income upon which she intended to live. The plaintiff argues in Count II of her complaint that the defendants' actions also constituted a breach of the common law fiduciary duty that was owed to her.

■ This court's order, dismissing the original complaint without prejudice for failure to state a claim for relief, allowed the plaintiff to meet the particularity requirements of Rule 9(b), Fed.R.Civ.P. To satisfy those requirements when pleading a churning claim in federal securities cases, in addition to identifying the securities involved, such particulars as the nature, amount and dates of the transactions at issue must be included in the complaint. *Vetter v. Shearson Hayden Stone, Inc.,* 481 F.Supp. 64, 66 (S.D.N.Y.1979). Also a statement of facts should be included sufficient to allow for a determination of the turnover ratio in the account, and/or the percentage of the account value paid in commissions. *Salwen Paper Co., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 79 F.R.D. 130, 134–135 (S.D.N.Y.1978).

The plaintiff, in her amended complaint, has adequately stated a claim for relief with respect to the particularity requirements of Rule 9(b). Nevertheless, the defendants assert that the plaintiff has failed to state a claim for relief because Willis A. Hurlbut, the plaintiff's brother-in-law, made the trading decisions, thus precluding liability.

The defendants attached the affidavit of defendant Howard Noffsinger to their motion to dismiss the original complaint. This court dismissed without prejudice on other grounds, leaving a discussion of matters relating to the affidavit to now.

The affidavit states that Hurlbut made all the trading decisions for the account, and traded personally in Madda Trading's office. The plaintiff has not offered counter-affidavits to dispute these allegations.

■ Rule 12(b), Fed.R.Civ.P., allows the court to convert a motion to dismiss for failure to state a claim to a motion for summary judgment when matters outside

the pleadings are submitted. *Macklin v. Butler*, 553 F.2d 525, 529 (7th Cir. 1977). However, the rule requires that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

It seems fair to include within the term "reasonable opportunity" some indication by the court to "all parties" that it is treating the 12(b)(6) motion as a motion for summary judgment. *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 85 n.5 (9th Cir. 1968);

*Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir. 1971).

Therefore, this court will deny defendants' motion to dismiss but will treat the motion as one for summary judgment and allow the plaintiff a reasonable opportunity to respond to the defendants' affidavit.

The defendant further asserts that the plaintiff's amended complaint is defective because Hurlbut is not a party despite the fact that he was named as a party in the joint account. The defendants argue that the failure of the plaintiff to include Hurlbut as a party subjects them to the possibility of multiple obligations by reason of his claimed interest and therefore warrants dismissal under Rule 12(b)(7), Fed.R.Civ.P.

■ The provisions of Rule 19(a)(2)(ii), Fed.R.Civ.P. are designed to protect defendants from multiple, double, or inconsistent lawsuits. The clause provides:

Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

This clause "categorizes those persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation. If there are no proce-dural or jurisdictional bars to joining such a party, Rule 19 requires that he be joined." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970).

■ According to those provisions, Hurlbut should be joined, if possible, if there is a possibility of subjecting the defendants to double, multiple, or inconsistent obligations. *Window Glass Cutters League v. American St. Gobain Corp.*, 47 F.R.D. 255, 258 (W.D. Penn.1969).

In opposition to the defendants' motion, the plaintiff argues that the three year limitation provision of the Illinois Securities laws that has already been applied to this case precludes Hurlbut from ever subjecting the defendants to additional lawsuits. However, as the defendants point out, there is at least the possibility of Hurlbut bringing suit in Illinois courts for fraud, Ill.Rev. Stat. ch. 83, § 16; breach of an oral contract, Ill.Rev.Stat. ch. 83, § 16; breach of a written contract, Ill.Rev.Stat. ch. 83, § 17, since the statutes of limitation for such claims are longer.

The plaintiff further argues that Hurlbut does not claim an interest in the joint account and since the account was funded entirely with the plaintiff's money, Hurlbut could not possibly have an interest in the account. Nevertheless, the name of the account included Hurlbut. The defendants' affidavit states that it was a joint account. Hurlbut was the one who originally filed a complaint before the Reparations Unit of the Commodities Futures Trading Commission alleging certain violations of the Commodity Exchange Act (Exhibit A of defendants' motion to dismiss). Though there is a possibility that his actions and concern are strictly on behalf of the plaintiff, there is also a possibility that he has an interest in the account himself. This possibility subjects the defendants to needless risk of multiple lawsuits.

Whereas Hurlbut is a resident of Glenview, Illinois, he is subject to the jurisdiction of this court. Since his joinder is desirable from the standpoint of a complete adjudication and it will not deprive the court

of jurisdiction over the subject matter, the plaintiff is ordered to add Willis A. Hurlbut as a party to this lawsuit by September 28, 1981.

In conclusion, the defendants' motion to dismiss for failure to state a claim is denied. The court will treat the motion as a motion for summary judgment and will give the plaintiff until October 5, 1981 to present materials to this court in conformity with Rule 56(e) to oppose the defendants' motion for summary judgment. The defendants will be given until October 19, 1981 to respond.